UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jennifer C. L., | No. 22-cv-3135 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Martin J. O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jennifer C. L. brought this action after the then Acting Commissioner of Social Security, Kilolo Kijakazi,[1] denied her application for disability benefits, and asks the Court to reverse Defendant's final decision for an award of benefits or remand for further proceedings. [Compl., ECF No. 1]. The parties filed cross-motions for summary judgment. [ECF Nos. 15, 19]. On November 28, 2023, United States Magistrate Judge Douglas L. Micko recommended denying Ms. L.'s Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment. [ECF No. 21]. Ms. L. timely objected to the Report and Recommendation ("R&R"). [Obj. to R&R, ECF No. 22]. Having reviewed the R&R, Ms. L.'s objections, and the record, the Court overrules

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. *Press Release*, Social Security Administration, *available at* https://www.ssa.gov/news/press/releases/2023/#12-2023-2 [*archived at* https://perma.cc/2FF2-GV8T]. Under Rule 25, as the successor to former Defendant Kilolo Kijakazi, Mr. O'Malley is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

Ms. L.'s objections, accepts Judge Micko's R&R, grants Defendant's summary judgment motion, and denies Ms. L.'s summary judgment motion.

## I. BACKGROUND

Judge Micko included a detailed discussion of the factual record in the R&R, and the Court does not restate that overview here. Ms. L. does not object to the findings of fact in the R&R, but to the conclusions Judge Micko drew from the record. Although the Court has considered the record as a whole, the two most important documents for the discussion below are the Administrative Law Judge's ("ALJ") Opinion [Op. at 35, ECF No. 10] and the Consultative Examination Report of Dr. Lyle Wagner [R. at 1634, ECF No. 10-1].

## II. DISCUSSION

### A. Legal Standard

The Court reviews *de novo* any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Here, Ms. L. did object, so the lens of review for the Court's consideration of her objection is *de novo*. Applying these standards, the Court concludes that Judge Micko's R&R contains no error and accepts his recommendation.

### B. Analysis

Ms. L.'s objection raises essentially the same argument that she raised to Judge Micko: that the ALJ failed to properly incorporate the limitations suggested by the SSA's

own consultative medical examiner, Dr. Lyle Wagner, into the RFC. [Obj., ECF No. 22]. She argues generally that Dr. Wagner concluded that Ms. L. experienced "moderate" limitations in certain areas related to her mental status, and that the ALJ erred by not including corresponding restrictions for each area of limitation into the RFC. Additionally, Ms. L. criticizes Judge Micko's suggestion that the ALJ adopted greater functional limitations in the RFC than Dr. Wagner recommended, arguing that the inclusion of a more restrictive limitation in one functional area does not mean that the overall RFC comported with Dr. Wagner's opinion. [ECF No. 22 at 4].

Based upon *de novo* review, the Court disagrees with Ms. L.'s objections and accepts Judge Micko's conclusions. For starters, the ALJ is not required to defer or give specific weight, including controlling weight, to any medical opinion. *See Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)). Instead, the ALJ must consider how persuasive he finds any medical opinion about a claimant's impairments. *Austin*, 52 F.4th at 728. And if substantial evidence supports the ALJ's conclusions, including the RFC, the Court should not reverse even if another decision could have been reached. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). Neither this Court nor the Magistrate Judge can reverse an ALJ's decision simply because we might have reached a different conclusion if we were in the ALJ's chair.

Here, as Judge Micko noted, the ALJ explored Ms. L.'s mental impairments in detail at steps two and three of the sequential process, demonstrating clearly that he was aware of Ms. L.'s specific mental impairments and considered their impact on Ms. L.'s life. [R&R at 6]. The ALJ then adopted some functional limitations into the RFC to account

3

for those impairments, including a limitation on the complexity of instructions Ms. L. could handle, and the requirement that her interactions with others should be "superficial." [Op., ECF No. 10 at 47]. The ALJ also observed that Dr. Wagner was "most persuasive" among the psychological opinions before him, and he discussed the opinion in some detail. [ECF No. 10 at 13]. As required, the ALJ's conclusions about the RFC were well grounded in his review of the record as a whole, not just one expert report.

Although Ms. L. criticizes Judge Micko's observation that the ALJ actually imposed a greater limitation in one area (the complexity of instructions) than Dr. Wagner suggested, the Court does not find the critique persuasive. Judge Micko did not suggest that, as long as an ALJ adopts some more stringent limitations that an expert suggests, the decision not to adopt other limitations is somehow beyond review. Instead, here, the ALJ's careful consideration of Dr. Wagner's opinion and comparison of it to the record as a whole are demonstrated by his express adoption of one stricter limitation. Nothing about the ALJ's decision to do so undermines either Judge Micko's conclusion or that of this Court that the RFC is adequately supported by the record and the ALJ's opinion.

Finally, the Ms. L. criticizes Judge Micko's R&R for its brevity, suggesting that he did not fully consider whether additional aspects of Dr. Wagner's opinion should have been incorporated into the RFC. [ECF No. 22 at 4–5]. But the Court rejects Ms. L.'s suggestion that a magistrate judge must expressly address every aspect of every argument raised by counsel, or every facet of an opinion drafted by the ALJ in order for their analysis to be correct. Judge Micko reviewed and considered the record and the briefing, reached a

4

conclusion based on the law, and explained his reasoning. No more is required. And based on its own *de novo* review, this Court reaches the same conclusions.

Based on its own review, this Court finds no error in the Magistrate Judge's conclusion that the ALJ understood Ms. L.'s mental impairments and imposed appropriate RFC limitations in light of those impairments.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Ms. L.'s Objections to the Report and Recommendation [ECF No. 21] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [ECF No. 22] is **ACCEPTED**;

3. Ms. L.'s Motion for Summary Judgment [ECF No. 15] is **DENIED**;

4. Defendant Martin J. O'Malley's Motion for Summary Judgment [ECF No. 19] is **GRANTED**; and

5. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 21, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Court